UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

AHMIR J. KENYATTA,

    Plaintiff,

    v.

WASHBURN UNIVERSITY BOARD OF
REGENTS, et al.,

    Defendants.

Case No. 25-4005-TC-RES

## ORDER

This matter comes before the Court on Plaintiff's Motion for Appointment of Counsel and Declaration of Good Faith Efforts to Obtain Counsel. ECF No. 4. Although entitled as a Motion for Appointment of Counsel, Plaintiff's Motion requests that the Court enter an order: (1) "[f]inding that the plaintiff is eligible to proceed In forma pauperis" or IFP; (2) "[a]ppoint court appointed counsel"; and (3) "[e]nter a pre-trial order compelling parties to consider ADR [alternative dispute resolution] per 28 U.S.C. § 652." ECF No. 4 at 4.

For the reasons explained below, the Motion is denied.

### I.    PLAINTIFF'S ADR REQUEST

Plaintiff filed this Motion on January 24, 2025. ECF No. 4. Before the Court could rule on this Motion, Plaintiff filed a separate motion requesting that the Court compel the parties to consider ADR, which the Court denied. ECF Nos. 7 and 8. For the same reasons previously explained, Plaintiff's request for a court order compelling ADR is denied. *See* ECF No. 8. The Court cautions Plaintiff against filing multiple motions seeking the same or overlapping relief in the future.

## II. PLAINTIFF'S REQUEST TO PROCEED IFP

Title 28 U.S.C. § 1915 allows courts to authorize commencing a civil action "without prepayment of fees or security therefor, by a person who submits an affidavit that . . . the person is unable to pay such fees or give security therefor." To succeed on an IFP motion, "the movant must show a financial inability to pay the required filing fees." *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005). Proceeding IFP "in a civil case is a privilege, not a right—fundamental or otherwise." *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998). The decision to grant or deny IFP status under § 1915 lies within the district court's sound discretion. *Engberg v. Wyoming*, 265 F.3d 1109, 1122 (10th Cir. 2001).

Plaintiff paid the $405 filing fee when he filed this case. *See generally* ECF No. 1 (docket entry noting the payment). Setting that aside, Plaintiff's Affidavit of Financial Status also raises doubts as to whether Plaintiff could qualify for IFP status. ECF No. 5. Specifically, the affidavit states that he has $25,000 cash on hand in his bank account and lists $1,100 in his spouse's bank account. *Id.* at 4. The affidavit additionally memorializes that his spouse earns significant monthly income. *See generally Zhu v. Countrywide Realty Co.*, 148 F. Supp. 2d 1154, 1155 (D. Kan. 2001) (recognizing that "[i]n a number of cases, courts have found that the income and assets of close family members are relevant to a determination of indigency under 28 U.S.C. § 1915"). Because these circumstances are not specifically addressed in Plaintiff's Motion, the Court denies Plaintiff's Motion without prejudice to the extent it seeks to proceed IFP.

## III. PLAINTIFF'S REQUEST FOR APPOINTED COUNSEL UNDER THE IFP STATUTE

The Court construes Plaintiff's Motion as seeking the appointment of counsel in two ways. First, Plaintiff's Motion could be construed as requesting IFP status at this juncture solely because he seeks appointment of counsel under the IFP statute. Even if the Court could have granted

Plaintiff's request to proceed IFP (which, as discussed above, it cannot on this record), it would not appoint counsel at this stage.

Second, the Court also analyzes appointment of counsel under 42 U.S.C. § 2000e–5 because Plaintiff asserts at least some claims that could implicate appointment of counsel under that framework as well. *See, e.g.,* 42 U.S.C. § 12117(a) (Americans with Disabilities Act ("ADA") provision applying Title VII's § 2000e–5 to ADA cases). The Court would deny appointment of counsel at this time under this statute as well.

### A.     Appointment Under the IFP Statute

"There is no constitutional right to appointed counsel in a civil case." *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989) (per curiam). In cases where a plaintiff has been granted IFP status, "[t]he court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). When deciding whether to appoint counsel, the Court considers: (1) the merits of the party's claims; (2) "the nature and complexity of the factual and legal issues"; and (3) the party's "ability to investigate the facts and present [the] claims." *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004). The Court may also consider "whether the party has made a diligent effort to retain an attorney." *Hasenbank v. Gronniger*, No. 20-4082-JTM-ADM, 2020 WL 8482984, at *1 (D. Kan. Dec. 21, 2020) (citation omitted). Plaintiff bears the burden to convince the Court that the case has sufficient merit to warrant appointment of counsel. *Hill*, 393 F.3d at 1115.

Even if the Court found that Plaintiff were entitled to proceed IFP, the Motion fails to convince the Court that appointment of counsel is warranted under the relevant factors. The Court analyzes each factor and finds that the factors are either neutral or weigh against appointment of counsel at this stage of the case.

The first factor—the merits of Plaintiff's claims—is neutral on this record. The Court cannot say at this early stage that Plaintiff's claims are any more or less meritorious than other cases being prosecuted by pro se litigants. This case is still at the pleadings stage, and Defendants have not yet appeared or responded to Plaintiff's amended complaint. Judges in this District rarely appoint counsel at this stage of the case, and most defer a decision on appointment of counsel until after rulings on summary judgment motions because those rulings provide significant information to aid in evaluating the merits of the claims. *See, e.g., Tahchawwickah v. Brennon*, No. 23-3238-EFM-ADM, 2024 WL 1177238, at *2 (D. Kan. Mar. 19, 2024) (denying a motion for appointment of counsel without prejudice to refiling "after the district judge rules on all summary-judgment motions and indicates that the case will proceed to trial").

The second factor—the nature and complexity of the factual and legal issues—weighs somewhat against appointment of counsel. Plaintiff does not specifically address this factor beyond noting that 42 U.S.C. § 1983 claims are complex, and that Plaintiff potentially anticipates a motion for a temporary restraining order ("TRO") and preliminary injunction. ECF No. 4 at 3. Although this case may concern certain limited complex issues, it does not appear to be overly legally or factually complex. The case arises from events occurring during a discrete period and for which Plaintiff has at least some personal knowledge. *See generally* ECF No. 6. Plaintiff's intention to potentially seek a TRO and/or a preliminary injunction does not elevate the overall complexity of the claims in this case.

The third factor—Plaintiff's ability to prepare and present his claims—weighs strongly against appointment of counsel. As stated in Plaintiff's Amended Complaint, he "is a Juris Doctorate Candidate (J.D.) at Washburn University School of Law[.]" ECF No. 6 at 1. Thus, Plaintiff has a higher degree of education and more experience with the law than do most pro se

4

litigants, which is reflected in Plaintiff's filings to date.  Specifically, Plaintiff's filings cite legal authority and reflect an above-average ability to communicate with the Court and opposing parties. *See, e.g.,* ECF Nos. 1, 4, 6, and 7.  Plaintiff also filed an amended complaint as a matter of course pursuant to Fed. R. Civ. P. 15(a)(1), which reflects a more developed understanding of the Federal Rules of Civil Procedure than most pro se litigants possess.

With regard to his diligence in attempting to secure counsel, the Motion lists numerous law firms Plaintiff has contacted to attempt to secure representation.  *See* ECF No. 4 at 1-2.  The Court finds that Plaintiff has exercised reasonable diligence in attempting to secure counsel.

In sum, even if Plaintiff were granted leave to proceed IFP, the above factors weigh against appointment of counsel at this stage.  While the Court is denying Plaintiff's Motion without prejudice, any renewed motion for the appointment of counsel should not be filed until after all summary judgment motions have been decided, or the deadline for filing summary judgment motions has passed without any party filing a summary judgment motion.[1]

### B.     Appointment of Counsel Under § 2000e-5

The Court considers similar factors when evaluating whether to appoint counsel pursuant to 42 U.S.C. § 2000e–5: (1) the plaintiff's "financial inability to pay for counsel"; (2) the plaintiff's "diligence in attempting to secure counsel"; (3) the merits of the plaintiff's claims; and (4) the plaintiff's ability to present the case without counsel.  *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1421 (10th Cir. 1992).

---

[1] The Court typically enters an order setting a scheduling conference after Defendants have appeared.  At the scheduling conference, the Court will impose a deadline for filing summary judgment motions, which will be memorialized in the scheduling order.

The Court has already addressed the second, third, and fourth factors above. The first factor—Plaintiff's financial inability to pay for counsel—is either neutral or weighs against appointment of counsel. Plaintiff's Affidavit of Financial Status suggests that he may eventually—but not immediately or currently—have trouble meeting his daily expenses if he hired counsel who charged an hourly rate. But Plaintiff appears to raise claims that have a fee-shifting provision, which may mean he can retain counsel despite any financial challenges. *See, e.g., Dawson v. Home Depot U.S.A., Inc.*, No. 20-4085-KHV-ADM, 2022 WL 594478, at *2 (D. Kan. Feb. 28, 2022) (finding this factor neutral where a plaintiff has an ability to hire counsel on a contingent-fee basis and noting that the ADA contains a fee-shifting provision).

Again, Plaintiff has a significant amount of cash on hand and a spouse who is gainfully employed. Plaintiff's Motion does not address why Plaintiff could not use these funds to hire counsel. Even if the Court could find that this factor weighed in favor of appointment of counsel, it would still be outweighed by the other factors that weigh against appointment of counsel. Again, Plaintiff may renew his motion for appointment of counsel after the summary judgment stage, as explained above.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Appointment of Counsel and Declaration of Good Faith Efforts to Obtain Counsel, ECF No. 4, is **DENIED**. Plaintiff's request for an order finding he is eligible to proceed IFP and appointing counsel are denied without prejudice. Plaintiff's request for an order compelling the parties to consider ADR is denied.

**IT IS SO ORDERED.**

Dated: January 29, 2025, at Topeka, Kansas.

/s/ Rachel E. Schwartz
Rachel E. Schwartz
United States Magistrate Judge